

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00499-CR

KEVIN ROGERS                                          APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1336215D

----------

## OPINION

----------

After Appellant Kevin Rogers pled guilty to one count of aggravated robbery with a deadly weapon, the trial court found him guilty and sentenced him to twenty-five years' confinement. In one issue, Appellant contends that the trial court abused its discretion and assessed a cruel and unusual punishment by sentencing him to twenty-five years' confinement. We note that the sentence is well within the range of punishment Appellant faced—confinement for five to

ninety-nine years or life plus a fine of up to $10,000.[1]  Appellant did not complain of the sentence in the trial court, and the State argues that he did not preserve his complaint for appeal.  We agree.

Appellant had ample opportunity to complain of the sentence in the trial court because the careful trial judge first stated, "I'm going to assess your punishment at 25 years in the Institutional Division of the Texas Department of Criminal Justice," and then immediately gave Appellant a chance to allocute, asking, "Any legal reason why I shouldn't sentence him?"[2]  Appellant's counsel answered, "No lawful reason, Your Honor."  The trial court then pronounced the sentence.  Appellant filed no motion for new trial after the sentence was imposed. Because Appellant did not raise his sentencing complaint before the trial court despite the opportunity, he forfeited his complaint.[3]

We overrule Appellant's sole issue and affirm the trial court's judgment.

---

[1]*See* Tex. Penal Code Ann. §§ 12.32, 29.03(b) (West 2011).

[2]*See* Tex. Code Crim. Proc. Ann. art. 42.07 (West 2006).

[3]*See Ziegler v. State*, No. 02-14-00315-CR, 2015 WL 4077040, at *1 (Tex. App.—Fort Worth July 2, 2015, no pet.) (mem. op., not designated for publication); *Alford v. State*, No. 02-13-00058-CR, 2014 WL 3398187, at *5 (Tex. App.—Fort Worth July 10, 2014, no pet.) (mem. op., not designated for publication); *Driggers v. State*, Nos. 02-13-00123-CR, 02-13-00124-CR, 02-13-00125-CR, 2014 WL 2619379, at *1 (Tex. App.—Fort Worth June 12, 2014, no pet.) (mem. op., not designated for publication).

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GABRIEL, and SUDDERTH, JJ.

PUBLISH

DELIVERED:  April 7, 2016

3